# In the United States District Court
# for the Southern District of Georgia
# Savannah Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | CR 4:18-169 |
| v. | * | |
| | * | |
| KEE'O MILLER | * | |
| | * | |

## ORDER

Before the Court is Defendant Kee'o Miller's Motion for Judgment of Acquittal or in the Alternative Motion for a New Trial. Dkt. No. 66. For the following reasons, Miller's Motion is **DENIED**.

## BACKGROUND

Kee'o Miller was charged with possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1). Dkt. No. 1. Following a one-day trial, a jury of his peers found Miller guilty of this single count. Dkt. No. 73. Miller now moves this Court for a judgment of acquittal under Federal Rule of Criminal Procedure 29 or, in the alternative, a new trial under Federal Rule of Criminal Procedure 33. Dkt. No. 66.

## DISCUSSION

### I. Motion for Judgment of Acquittal

The Court must enter a judgment of acquittal where the evidence presented by the Government "is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). In viewing a motion for

a judgment of acquittal, the Court is tasked with "test[ing] the sufficiency of the evidence against a defendant, and avoid[ing] the risk that a jury may capriciously find him guilty though there is no legally sufficient evidence of guilt." United States v. Collantes, 2011 WL 2784266, at *4 (S.D. Fla. July 13, 2011) (citation omitted). The Court "should apply the same standard used in reviewing the sufficiency of the evidence to sustain a conviction." United States v. Ward, 197 F.3d 1076, 1079 (11th Cir. 1999). It is this Court's duty, therefore, to "view the evidence in the light most favorable to the government, and determine whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt." United States v. Miranda, 425 F.3d 953, 955 (11th Cir. 2005).

In this case, Miller was charged and convicted of 18 U.S.C. § 922(g)(1), which requires proof beyond a reasonable doubt that Miller "was a convicted felon, that he possessed a firearm in or affecting interstate commerce, and that he knew he possessed the firearm." United States v. Sweeting, 933 F.2d 962, 965 (11th Cir. 1991). Miller stipulated to the fact that he was a convicted felon, and he did not dispute that at trial, nor does he dispute in the present motion that the firearm at issue traveled in interstate commerce. Rather, Miller only contests whether he was knowingly in possession of the firearm.

Miller contends that "at trial the Government's only evidence that the Defendant possessed a firearm was the testimony of two unbelievable and incredible witnesses." Dkt. No. 66 at 1. This contention is incorrect. The United States presented video evidence taken from Officer Foraker's bodycam that plainly showed officers finding and confiscating a Beretta 9mm pistol from Miller's person during a traffic stop. Specifically, the video showed Officer Foraker pull over Miller's vehicle, speak with Miller from the driver's side of the vehicle, ask Miller to exit the vehicle—which Miller avoided doing until Foraker opened his door and ordered him out—and frisk Miller with the assistance of Officer Diggs. The video then showed Officer Diggs pull the pistol from Miller's pants pocket. Both officers testified regarding the video, and both explained to the jury that when Miller was seated in the vehicle, they noticed a large bulge on the right side of Miller's pants that they reasonably believed could be a firearm. This bulge was clearly visible in the video. Officer Foraker testified that the visible bulge combined with Miller's demeanor, the suspicion of possible illegal drug activity that was part of the purpose for the stop, and the fact that another officer informed him during the stop that Miller had an outstanding warrant, led him to believe that Miller might be armed—which ended up being true. Finally, Miller also admitted in a recorded

AO 72A
(Rev. 8/82)

interview that he previously purchased the gun and had possessed it for about a month.

Miller argues that Officer Foraker testified that he removed the firearm from Miller's person, which is contradicted by the video which shows Officer Diggs remove the gun from Miller's person. Credibility determinations are "the exclusive province of the jury," and for a court to overturn that determination, the testimony must be incredible as a matter of law—meaning that it is "unbelievable on its face." United States v. Calderon, 127 F.3d 1314, 1325 (11th Cir. 1997) (citation omitted), modified on other grounds by United States v. Toler, 144 F.3d 1423 (11th Cir. 1998). In this case, nothing about either officers' testimonies was unbelievable on its face. The video from the bodycam clearly shows Officer Diggs remove a pistol from Miller's pocket—showing beyond a reasonable doubt that Miller was knowingly in possession of a firearm. But, it was also plain from the officers' testimonies and the video that Officer Foraker frisked Miller while Officer Diggs restrained him. Upon Officer Foraker feeling and immediately recognizing a gun in Miller's pocket, Foraker and Diggs handcuff Miller, and Diggs carefully removes the gun from Miller's pocket.[1] This evidence is all in addition to the fact that Miller confessed

---

[1] Miller also argues that there is "no corroborating evidence of where Officer Diggs found the gun." Dkt. No. 66 at 1. This is also incorrect. Officer Digg's testimony, Officer Foraker's testimony, and the video all corroborate the fact that Officer Digg's found the gun in Miller's pocket. No evidence was presented to the contrary.

4

to possessing the gun in the post-arrest recorded interview. In summary, the officers' testimonies were consistent with each other and the video and were not incredible as a matter of law.

Therefore, viewing the wealth of evidence in this case in the light most favorable to the government, the Court finds that a reasonable jury could have done exactly what they did: find Miller guilty beyond a reasonable doubt. Miller's Motion for a Judgment of Acquittal is **DENIED**.

## II. Motion for New Trial

In addition to his Motion for Acquittal, Miller has also filed a Motion for New Trial on the basis of ineffective assistance of counsel. "[T]he court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. Pro. 33(a). Whether to grant a new trial is left to the sound discretion of the trial court, and denial of a motion for a new trial can only be reversed upon an abuse of discretion. United States v. Champion, 813 F.2d 1154, 1170 (11th Cir. 1987). A new trial is only appropriate where the evidence "preponderate[s] heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." Butcher v. United States, 368 F.3d 1290, 1297 (11th Cir. 2004)(citation omitted). Motions requesting a new trial are thus viewed with "great caution"; they are not a vehicle by which a Court may "reweigh the evidence or set aside the verdict simply because it feels some other result would be

AO 72A
(Rev. 8/82)

more reasonable." United States v. Hall, 854 F.2d 1269, 1271 (11th Cir. 1988) (quoting Bentley v. United States, 701 F.2d 897, 898 (11th Cir. 1983)); Butcher v. United States, 368 F.3d 1290, 1297 (11th Cir. 2004) (citation omitted).

While this Court has broad discretion in determining whether to grant a new trial, the Eleventh Circuit has stated that ineffective assistance claims are more appropriately brought through a 28 U.S.C. § 2255 motion. Recently, the Eleventh Circuit, in declining to review a district court's denial of a motion for new trial on the basis of ineffective assistance of counsel, stated that the record was insufficiently developed on the claim and that "[t]he preferred means for deciding a claim of ineffective assistance of counsel is through a 28 U.S.C. § 2255 motion 'even if the record contains some indication of deficiencies in counsel's performance.'" United States v. Campo, 840 F.3d 1249, 1257 n.5 (11th Cir. 2016) (quoting United States v. Patterson, 595 F.3d 1324, 1328-29 (11th Cir. 2010)); see also United States v. Cladek, 561 F. App'x 837, 838 (11th Cir. 2014) (declining to review district court's denial of a motion for new trial and stating that "[c]laims of ineffective assistance of counsel should usually be raised in a 28 U.S.C. § 2255 motion."). The Court explained that "[w]e do not suggest that [the petitioner's] counsel was ineffective, but [he] may raise his claim in a 28 U.S.C. § 2255 motion if he so chooses and timely files it." Id.

AO 72A
(Rev. 8/82)

Other courts, including the Supreme Court, have stated their preference for ineffective assistance of counsel claims to be brought as § 2255 motions. See Massaro v. United States, 538 U.S. 500, 504 (2003) ("The better-reasoned approach is to permit ineffective-assistance claims to be brought in the first instance in a timely motion in the district court under § 2255."); United States v. LeRoy, No. CR 16-0243, 2017 WL 2938199, at *3 (W.D. Pa. July 10, 2017) ("[T]he United States Court of Appeals for the Third Circuit has expressed an unmistakable preference that ineffective assistance of trial counsel claims be brought as collateral challenges under 28 U.S.C. § 2255, not as a Rule 33 motion for new trial or on direct appeal." (citing United States v. Kennedy, 354 Fed. App'x. 632, 637 (3d Cir. 2009) and United States v Garcia, 516 Fed. App'x. 149, 151-52 (3d Cir. 2013)); United States v. Bolton, No. 2:16-CR-7-KS-MTP, 2017 WL 2844171, at *9 (S.D. Miss. July 3, 2017) (explaining that "the Fifth Circuit has held that a Rule 33 motion . . . premised on newly discovered evidence is an improper vehicle for raising a claim of ineffective assistance of counsel" and noting that "defendants prejudiced by ineffective assistance of counsel already have a ready remedy in 28 U.S.C. § 2255" (internal quotation marks omitted) (quoting United States v. Medina, 118 F.3d 371 (5th Cir. 1997) and United States v. Ugalde, 861 F.2d 802, 807-09 (5th Cir. 1988))), aff'd, 908 F.3d 75 (5th Cir. 2018); United States v. Chatman, No. 18-CR-0166-CVE,

7

2019 WL 1749514, at *1 (N.D. Okla. Apr. 19, 2019) (denying a motion for new trial based on a claim of ineffective assistance of counsel in part because "claims of ineffective assistance of counsel ordinarily should be presented to the district court in collateral proceedings rather than" a Rule 33 motion).

Based on all of these cases, the Court determines that Miller's Motion for a New Trial pursuant to Rule 33 is not the proper vehicle for pursuing an ineffective assistance of counsel claim. Instead, such a claim is much better suited for a 28 U.S.C. § 2255 motion, upon which a record can be established specifically on the issue of ineffective assistance of counsel. Thus, while the Court **DENIES** Miller's Motion for a New Trial based on ineffective assistance of counsel, dkt. no. 66, at this juncture, he may raise that claim in a 28 U.S.C. § 2255 motion if he so chooses and timely files it.

## CONCLUSION

For these reasons, Miller's Motion, with respect to both his Motion for Judgment of Acquittal and his Motion for New Trial, is **DENIED**.

**SO ORDERED**, this 13th day of May, 2019.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)