UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 4:18cr169 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| KEEO MILLER | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

   ☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

   ☐ Time served.

If the defendant's sentence is reduced to time served:

   ☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

2

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

Defendant contends his medical condition, i.e. asthma and chronic bronchitis, together with the risks associated with COVID-19, warrant compassionate release pursuant to 18 U.S.C. § 3582(c). Defendant is experiencing fear of contracting COVID-19 for a second time. Defendant's medical records confirm that he has asthma, but they do no indicate that it rises to the level of moderate or severe. Indeed, it appears to be well-controlled. Moreover, Defendant's medical records do not show that his asthma substantially affects his ability to engage in self-care within his facility. Additionally, Defendant's medical records do not support a diagnosis for chronic bronchitis. General concerns regarding COVID-19 alone do not qualify as "extraordinary and compelling reasons" warranting compassionate release. Furthermore, Defendant's declining receipt of a COVID-19 vaccine undermines his argument that his health puts him at an increased risk for contracting a serious case of the virus. See, e.g., United States v. Ortiz, No. 5:18-CR-00264, 2021 WL 1422816, at *4 (E.D. Pa. Apr. 15, 2021) ("[W]hile a petitioner who declines a COVID vaccine is 'within his rights to refuse any treatment he wishes to forego, he cannot

3

simultaneously claim that he must be released because of the risk of complications while refusing a vaccine that could virtually eliminate that risk.'"). Finally, the Bureau of Prisons' website reflects no confirmed inmate COVID-19 cases in Defendant's facility as of May 11, 2021. The Court concludes that Defendant has not met his burden to show an extraordinary and compelling reason to warrant compassionate release.

Even if the Court were to assume Defendant had met his burden to show an extraordinary and compelling reason for compassionate release, the factors contained in 18 U.S.C. § 3553(a) weigh in favor of Defendant serving the sentence imposed. In the present case, while there was a warrant outstanding for Defendant's arrest, Defendant threatened his girlfriend after starting a fire in her house. Upon law enforcement's arrival to the residence, the girlfriend directed officers to Defendant's gun and multiple rounds of ammunition, despite his having been convicted of a felony. In April 2019, a jury convicted Defendant of possession of a firearm by a convicted felon. With a total offense level of 26 and a criminal history category of IV, Defendant's sentencing guideline range was ninety-two to 115 months' imprisonment. On December 17, 2019, the Court sentenced Defendant to 115 months' imprisonment. Currently, Defendant's projected release date is December 1, 2026, meaning he has over five and one-half years left to serve. If Defendant were released now, he will have served well below his guidelines range. Defendant's criminal history is also concerning. He has been convicted of at least three violent felonies: in 2006, Defendant pleaded guilty to aggravated assault with intent to rob, a reduction from armed robbery, hijacking a motor vehicle, and kidnapping; in 2008, Defendant pleaded guilty to a previous charge of possession of a firearm by a convicted felon; and, in 2009, Defendant pleaded guilty to robbery, a reduction from armed robbery, where he stole the victim's cell phone, credit cards, and money at gunpoint. Notably, Defendant received probation or parole for these convictions only for it to be

4

revoked. It appears Defendant's pasts criminal history did not deter him from committing another offense. The Court concludes that granting Defendant compassionate release at this juncture would not reflect the seriousness of his crime, promote respect for the law, provide just punishment for the offense, nor afford general or specific deterrence for similar offenses.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated:
May 13, 2021

_____
UNITED STATES DISTRICT JUDGE